## V. LAWRENCE *v*. THE STATE.

1. PERJURY.—When perjury is assigned on testimony given in a judicial proceeding, it is necessary, not only that the indictment shall allege, but also that the proof shall show, that the false testimony was material to the issue upon which it was given. Proof that the false testimony was admitted on the trial of the case in which it was given is not sufficient evidence of its materiality on the trial for perjury.

2. SAME.—False testimony is deemed material, not only when directly pertinent to the issue tried, but also if it tended to augment or diminish damages, or to impart greater credit to substantial parts of the evidence. The *degree* of materiality is of no importance.

3. SAME—EVIDENCE.—Appellant was convicted of perjury, assigned upon his testimony given in a mayor's court on a trial for a violation of a municipal ordinance. The record does not set forth the ordinance, nor the affidavit or charge on which the trial was had, nor does it contain proof of the mayor's jurisdiction to try the case in which the appellant's testimony was given. *Held*, that the judicial cognizance of this court cannot be invoked to supply such omissions in the evidence, and the conviction is set aside.

4. QUÆRE.—Whether, in assigning perjury on testimony given in a judicial proceeding, it be not indispensable that the indictment set out enough of the proceedings to enable the court to judge of the materiality of the testimony alleged to be false.

APPEAL from the District Court of Bastrop.    Tried below before the Hon. L. W. MOORE.

The opinion of this court discloses all material facts. The appellant was found guilty, and his punishment was assessed at five years in the penitentiary.

*J. P. Fowler*, for the appellant.    There is a variance between the charge in the indictment as to the statements alleged to have been false, and made by appellant in the mayor's court, and the statements shown by the evidence to have been made by him.    The indictment charges that he swore that Wilkins did not use "loud and boisterous language, or yell and halloo," and the evidence shows that he simply said that he did not halloo.

But, as appellant made the statement directly in response to a question, should not his answer be construed in connection with the question?    And is it not plain that he intended to say that Wilkins did not halloo "as charged in the affidavit," these words, "as charged in the affidavit," being part of the question?

And if this be what he intended to say, and as there is not the slightest evidence to show that there was any affidavit charging Wilkins with hallooing, or how he was charged with hallooing in such affidavit, how can the court or jury say that appellant did not testify to the truth when he said Wilkins did not halloo "as charged in the affidavit?"

The indictment and the evidence both are too vague and indefinite in setting forth the alleged false statements.    To say that a man used loud and boisterous language, without telling what the language was, is not sufficient.    Nor is it sufficient to say that he did halloo, because to halloo means simply to say something in a loud voice, addressed to another or others, and it should be shown what was said, so that the court and jury might determine whether the hallooing was material, or not, to the matter under investigation.

How can the judge or jury say, from the evidence in this case, that the statement made by appellant was material to the subject then under investigation? How can they infer that Wilkins had violated any law or town ordinance? Can this court say that it is *per se* an offense to halloo? Can it be said that a person can in no case "halloo" without violating the law or a town ordinance?

It was not shown by two witnesses, nor by one witness and strong corroborating circumstances, that appellant made the statements alleged to be false. Wilkes, the city marshal, testifies as to what appellant said, but he is not corroborated either by another witness or strong circumstances.

The only other witness who heard the statements was Miller, and he simply says in substance that he does not know what appellant said, and his evidence is quite as strong to show that appellant did not, as that he did, say what Wilkes says he said.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J. The 3d error assigned is the overruling of the defendant's motion for a new trial. The 3d ground set out in the motion is as follows: "Because the verdict of the jury is contrary to the law and the evidence."

In testing the evidence as to its legal sufficiency to sustain the verdict, we should bear in mind the charge in the indictment upon which the accused was tried. By reference to the indictment we find it stated that on October 16, 1876, a trial was had in the mayor's court of the corporation of the town of Bastrop, wherein said corporation was plaintiff and one Oliver Wilkins was defendant—"the said Wilkins being then and there  *  *  *  arraigned, and upon trial for a violation of an ordinance of said corporation of said

31

town of Bastrop, to wit, for the offense of using loud and boisterous language in and upon the streets of said town of Bastrop, on the fourteenth day of October, in the year of our Lord eighteen hundred and seventy-six," etc.

The indictment, with formal averments as to time and place, proceeds to state that one William Miller was the mayor of said town of Bastrop, and presiding at the trial, and was "duly and legally authorized and empowered to administer oaths to such persons as offered to testify as witnesses in said cause;" and that said mayor's court was "duly and legally authorized under the law and by virtue of the charter and amended charter granted to said town of Bastrop by the late republic of Texas, and by the said state of Texas, to hear, take cognizance of, and determine said cause;" and that on said trial the accused "did present himself as a witness to then and there testify in said cause, and before said court last aforesaid, for and in behalf of the said defendant, the said Wilkins;" that the defendant did then and there, on said trial, etc., "in due legal and solemn manner and form, swear and take his corporal oath to speak the truth as such witness;" that the oath was administered by said Miller, he "having lawful and competent authority to administer said oath;" that it "became, and was, a material question and subject of inquiry for the ends of public justice whether or not the said Wilkins, on the said 14th day of October, A. D. 1876, between the hours of six o'clock, P. M., and twelve o'clock, M., of said 14th day of October, A. D. 1876, in and upon Main street, in said town of Bastrop, did then and there use loud and boisterous language, or did then and there yell and halloo, as charged against him, the said Wilkins, as aforesaid."

And, after these preliminary averments, the alleged perjury is assigned, as follows: "That the said Lawrence, being so sworn as aforesaid, at, upon, and during the trial aforesaid, in the mayor's court aforesaid, of the cause aforesaid, de-

vising and wickedly intending to deceive the said mayor's court in the premises, and to secure the acquittal of the said Wilkins, did then and there, in said mayor's court, on said sixteenth day of October, A. D. 1876, in the town, county, and state aforesaid, unlawfully, deliberately, willfully, knowingly, falsely, and corruptly say, depose, swear, and give evidence under his said oath, among other things, in substance and to the effect following, that is to say: That the said Wilkins did not, on the said fourteenth day of October, A. D. 1876, between the hours of six o'clock, P. M., and twelve o'clock, M., of said fourteenth day of October, in the year aforesaid, in and upon Main street, in said town of Bastrop, yell, halloo, or use loud and boisterous language; whereas, in truth and in fact, the said Wilkins, on the said fourteenth day of October, in the year aforesaid, and between the hours of six o'clock, P. M., and twelve o'clock, M., of said fourteenth day of October, in the year aforesaid, in and upon said Main street of said town of Bastrop, did yell, halloo, and use loud and boisterous language, as was so charged against him, the said Wilkins, in said mayor's court, as aforesaid; he, the said Lawrence, then and there well knowing that he, the said Wilkins, at the time and place last aforesaid, did yell and halloo, and use loud and boisterous language, as aforesaid.''

The indictment, concluding with a formal statement in reiteration of the circumstances, charges that the defendant did, ''by his own act and consent, and of his own most wicked and corrupt mind, in manner and form aforesaid, unlawfully, deliberately, willfully, knowingly, falsely, and corruptly commit willful and corrupt perjury, to the evil and pernicious example of all others in the like cause offending, and against the peace and dignity of the state.'' The following authorities are applicable to the case:

''It should be borne in mind that all the necessary allegations in the indictment must be proved in the first instance by

the prosecutor. Thus, for example, whilst the indictment must allege that the false evidence was material to the issue upon which it was offered, this materiality must be made also to appear in the proofs. And, in matter of proof, evidence that the testimony was actually admitted is not sufficient to support this allegation. The course is to introduce evidence from which the court can see that the testimony was material; then, assuming this evidence to be true, the question of materiality becomes one of law for the court, not of fact for the jury. Practically, however, * * * the whole subject is to be passed upon by the jury, under instructions from the judge, as involving, like most other cases, mixed questions of law and of fact." 2 Bishop's Cr. Proc., 2d ed., sec. 935.

"When, in order to show the materiality of the matter sworn to, introductory averments have been inserted in the indictment, those averments must be proved." Roscoe's Cr. Ev. 761.

As to the *materiality* of the matter to which the prisoner testified, it must appear either to have been directly pertinent to the issue or point in question, or tending to increase or diminish the damages, or to induce the jury or judge to give greater credit to the substantial parts of the evidence. But the *degree* of materiality is of no importance." 3 Greenl. on Ev., sec 195, and references.

A witness for the state, William Miller, testified that, at the time it is alleged the false oath was taken, he was the mayor of the town, and that, at the time charged, Oliver Wilkins was tried before him on a charge of loud and boisterous conduct; and stated that the accused "stated under oath that he, witness, did not hear said Wilkins halloo on the streets of the town of Bastrop, on the 14th day of October, A. D. 1876, or that the said Wilkins did not halloo at said time and place; witness is not positive which."

The city marshal, a witness for the state, testified as to

the trial before the mayor. He says that Wilkins " was arrested on said charge, brought into the mayor's court, and plead not guilty. The said Valentine Lawrence was summoned, and testified as a witness in said cause, on said day, in the mayor's court of the town of Bastrop,  *  *  *  in behalf of said Wilkins, defendant in said cause.  *  *  * Said witness stated under oath that he did not hear said Wilkins  *  *  *  halloo on the streets of said town of Bastrop. The question was then asked by the mayor whether the said Wilkins did not halloo as charged in the affidavit; to which he answered, ' I was with him, the said Wilkins, all the time, went home with him, and he did not halloo.' "

There was other evidence on the question as to whether Wilkins hallooed on the streets, the witnesses testifying that he did, and also as to what the accused swore on the trial of Wilkins. But we have examined the statement of facts carefully, without discovering, there or elsewhere in the record, any definite legal evidence as to the contents of the affidavit or charge upon which Wilkins was being tried at the time it is charged the false oath was taken, or which ordinance of said town he was charged with having violated; or that there was any ordinance, in fact, on the subject to correspond with the allegations in the indictment.

Nor is there any legal evidence that the mayor of the town had jurisdiction of the matter. If such had been the case, the attorney for the state should either have produced the best evidence of that fact, or, having shown an inability to produce it, he would then have been entitled to prove it by secondary evidence. If the town was incorporated by general law, or under a private act or private charter having a clause requiring it to be treated as a general law—and as to this we are not advised—then the provisions of the charter would prove themselves, and the courts would be bound to take notice of them whether proved or not.

If, however, the town of Bastrop was incorporated by a special law which contains no provision requiring it to be treated as a public law, it became necessary to prove the charter of the town in the manner required by law (3 Greenl. on Ev., secs. 480, 481), under the provisions of our own statute on the subject, so far as they apply, and, if they fail to point out the mode, then agreeably to the rules of the common law.

As to the rule requiring the production of the best evidence applicable to the case, see *Porter* v. *The State*, 1 Texas Ct. of App. 394, and authorities there cited; also 3 Greenl. on Ev., sec. 482. The books of a corporation are public with regard to its members, but private with reference to strangers. 3 Greenl. on Ev., sec. 474.

Whether the charter was by public or private act of the legislature—upon which the question turns as to whether they were required to be proved or not—there can be no pretense that the courts are bound to take cognizance of the ordinances of the corporation under which the defendant, Wilkins, was put on trial, or of the judicial proceedings had before the mayor, and which gave the mayor jurisdiction, or of the affidavit or charge on which the accused was being tried, whereon it is alleged the perjury was committed, without proper proof of their existence and contents. We have searched the record in vain for any legal evidence on the subject. We find no evidence of the ordinances, or the charge, or anything to show that the mayor had jurisdiction, or that Wilkins was on trial for any violation of any general or municipal law; and, because of this omission in the evidence, the court below should have set aside the verdict as being contrary to the law and the evidence.

And because of this error, and without considering whether there is or not any material variance between the allegations in the indictment and the proofs upon the trial, or other questions as to the sufficiency of the indictment, as raised by the appellant's motion in arrest of judgment, the judgment

of the district court must be reversed and the cause remanded.

We suggest the question, however, whether, under the provisions of the Code, in assigning perjury on a judicial proceeding, it is not indispensable that the indictment should set out a sufficiency of the proceedings to enable the court to determine from the indictment whether the evidence charged to be false was material or not.

*Reversed and remanded.*