ELI FREEMAN, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA.

1. In the trial on an indictment for perjury to secure a conviction it is not sufficient to prove that the defendant, at different times, testified to two opposite things irreconcilable with each other. There must be testimony outside of his own contradictory statements as to which of such statements is false.

2. Courts cannot take cognizance of the ordinances of an incorporated town. They are subjects of proof. In an indictment for perjury, assigned upon testimony given in a Mayor's Court on the trial for a violation of a municipal ordinance, the indictment should so charge it, and the evidence should prove it.

Writ of error to the Circuit Court for Madison county. The facts of the case are stated in the opinion.

*C. J. Stripling* for Plaintiff in Error.

*The Attorney-General* for the State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court:

On the 13th day of April, 1882, the grand jury of Madison county found a bill of indictment against Eli Freeman for perjury. The perjury alleged consisted in this: On the seventh day of January, 1882, one Gilbert Armstrong was tried before F. W. Pope, Mayor of the town of Madison, for betting with one Joseph Allen at a game of chance called "Pulling the String." This plaintiff in error, Eli Freeman, was called as a witness, and testified "that they

(meaning the said Armstrong and Allen) were betting, and there was money up, and I held the stakes, and that they and each of them then and there had money in his hands to abide the result of said game of chance." That afterwards, and on the same day in another matter wherein one Joseph Allen was tried before F. W. Pope, Mayor of the town of Madison, for betting with one Gilbert Armstrong at a game of chance called " Pulling the String," the plaintiff in error was called as a witness to prove such betting, and willfully and corruptly swore " that there was no betting done and I did not see any money staked," meaning thereby to say that there was no money bet by the said Joseph Allen and the said Gilbert Armstrong, or staked upon the result of the said game of chance called " Pulling the String," on the said seventh day of January, 1882.

The cause was tried and the prisoner found guilty. Counsel then moved for new trial, which motion was denied, and the cause comes here on writ of error. The errors assigned are as follows:

I. The court erred in overruling defendant's motion for new trial, for that J. L. Bunting, a juror, had pronounced and expressed an opinion in such cause.

II. The evidence was insufficient to support a verdict of guilty.

III. The verdict was contrary to law.

IV. And for other causes.

Nothing appears in the record to sustain in any way the first alleged error. It is made one of the grounds of the motion for a new trial, but the bill of exceptions is silent upon the subject, having in it no suggestion or evidence to support it. The second error assigned depends entirely upon the evidence taken upon the trial of the cause. The first witness, B. C. Pollard, testified that the town of Madison was incorporated; that he was Marshal of the town;

that on the seventh day of January, 1882, he arrested Gilbert Armstrong and Joe Allen and took them before F. W. Pope, Mayor of said town, for betting and gambling at a game of chance called "Pulling the String;" that Eli Freeman, this plaintiff in error, was a witness before such Mayor in the cause of the Town of Madison vs. Joe Allen, and swore that there was no betting or gambling at the game of chance called "Pulling the String" between Gilbert Armstrong and Joe Allen on the said 7th January, 1882, and that there was no money up or staked between them.

W. A. Baker testified that he was present at a Mayor's Court, in the town of Madison, on the seventh day of January, A. D. 1882; that Eli Freeman was sworn in the case of Town of Madison vs. Gilbert Armstrong, charged with betting and gambling at a game of chance called "Pulling the String," and stated under oath that there was betting and gambling between the said Armstrong and one Joe Allen; that money was up; that he, Freeman, held the stakes. Afterwards, and on the same day, Joe Allen was arrested and taken before the Mayor for betting and gambling at the game of chance called "Pulling the String;" that before the trial Eli Freeman was sworn as a witness, and testified that there was no betting and gambling at the said game, and that there was no money up to abide the result of the said game of chance. Was present at both trials. Supposed it to be half an hour between the trials. F. W. Pope, Mayor of the town of Madison, administered the oath to Freeman in both cases.

C. S. Church testified that he was present at the Mayor's Court, in town of Madison, on the seventh day of January, 1882; that Gilbert Armstrong and Joe Allen were tried by F. W. Pope, Mayor of the town of Madison, on that day for betting and gambling at a game of chance called "Pull-

ing the String." Freeman was sworn as a witness in both cases. In the case vs. Armstrong he swore there was betting and gambling done between the said Armstrong and Allen; that he, Freeman, held money staked to abide the result of the said game of chance. In the case against Allen, Freeman stated that there was no betting; that he did not hold the stakes, nor did he see any money up. Madison is an incorporated town, and F. W. Pope is the Mayor. Freeman was sworn in both cases by the Mayor. This is the substance of all the evidence, and it appears that the plaintiff in error made two distinct statements under oath regarding one transaction, that is the betting and gambling of Armstrong and Allen at a game of chance called "Pulling the String." There is no evidence to prove which of the two statements is the true one, or which is the false one. "Where the defendant has made two distinct statements under oath, one directly the reverse of the other, it is not enough to produce the one in evidence to prove the oath to be false." Wharton Crim. Law, §2275. Other evidence should have been produced to show which statement was the true one and which the false, in order to convict the prisoner. Mr. Bishop in his commentaries on the Criminal Law, §1044, says: "If a witness testifies either in two different causes, or in one cause at different examinations, or at one examination, to two opposite things irreconcilable with each other, he commits perjury in making the false statement, but not in making the true one, and though what he said when he told the truth may be shown in evidence against him on an indictment for the falsehood, yet there must be testimony outside of his own contradictory statements as to which of them is false." Regina vs. Hughes, 1 Car. & Kir., 519 (47 E. C. L., 519); The King vs. Harris, 5 Barn. & Alderson, 926 (7 Eng. C. L., 304); State vs. J. B., 1 Tyler (Vt.,) 269; U. S. vs. Mayer, Deady, 127.

In Regina vs. Whitehead, 8 Car. & Payne, 238 (34 Eng. Com. L. R., 369), the court said: "It is not sufficient that it should be proved that the defendant has on two different occasions given directly contradictory evidence, although he may have willfully done so; but you must in this case be satisfied affirmatively that what he swore at the quarter sessions was false; and I am of the opinion that that would not be sufficiently shown to be false by the mere fact that the defendant had sworn the contrary at another time; it might be that his evidence at the quarter sessions was true, and that his deposition before Mr. Croft, the magistrate, was false, and if so he must be acquitted."

This complaint before the Mayor for gambling against Armstrong and Allen seems to have been made under an ordinance of the town of Madison, and one of the causes is entitled in the indictment as The Town of Madison vs. Gilbert Armstrong, and the other The Town of Madison vs. Joe Allen.

The courts may perhaps take judicial notice of the fact that the town of Madison is an incorporated town under the general statutes enacted for the purpose of incorporating cities and towns. But they cannot take cognizance of the ordinances passed under and by virtue of such incorporation. They are subjects of proof. There is no evidence contained in the record that either Armstrong or Allen were guilty of the breach of any ordinance of the town of Madison, or that they were either of them on trial for the breach of any municipal law. Unless they were tried for such a breach of municipal law the Mayor could not have had jurisdiction, and consequently this plaintiff in error could not have been guilty of perjury for the reason that the oath must be administered by one having legal authority. Otherwise there is no perjury in false testimony given under it. The indictment and the record are silent upon

the subject of such an ordinance. The fact that it existed should have been alleged in the indictment and the proof of it should have appeared in the evidence. Lawrence vs. The State, 2 Tex. Ct. App., 479.

The judgment is reversed.