HELEN DOUGLASS and V. E. DOUGLASS v. JOE SAPOTNICK, JR., a minor by JOE SAPOTNICK, *his next friend.*

171 So. 765.
Division B.
Opinion Filed January 7, 1937.

*Ernest F. Householder,* for Plaintiffs in Error;

*Sharlett & Futch* and *Murray Sams,* for Defendant in Error.

BUFORD, J.—The defendants in error sued plaintiffs in error to recover damages alleged to have been sustained in an automobile accident which occurred at the intersection of two streets in New Smyrna, Volusia County, Florida.

The verdict and judgment were for $10,000.00.

Plaintiffs in error present nine (9) questions:

The first question challenges the action of the court in allowing a policeman of the City of New Smyrna, and others, to testify of their own knowledge as to the traffic regulations of the City of New Smyrna and particularly as to which traffic had the right-of-way over certain streets at intersections.

The second question challenges the action of the court in charging the jury as to the law governing the right of the driver of one automobile to assume what the driver of another automobile will do at approaching a highway where a visible stop sign is on display.

The third question challenges the action of the court in charging the jury that it was negligence *per se* for a car proceeding along a disfavored highway to enter an intersection of a favored highway which has the right-of-way, in violation of a plainly visible stop sign.

The fourth question challenges the action of the court in charging the jury as a matter of law in effect that the entry of a car traveling on a disfavored street into the intersection of a favored street in disregard of traffic regulations and stop signs constituted negligence.

The fifth and sixth questions challenge the sufficiency of certain charges given by the court. The two charges referred to have been examined and found to be correct so far as they went. The record does not show that the defendant requested charges covering the points which they contend were not covered by the charges given.

The seventh question challenges the amount of the verdict as being excessive.

The eighth question will not be discussed because we do not think it finds basis in the record.

The ninth question will not be discussed because it is not framed in accordance with the provisions of Special Rule 20 of this Court.

We will not discuss the question as to whether or not the amount of the verdict is excessive because this case is to be tried again and we should not say anything here which would prejudice either of the parties to the suit.

There is no contention made that traffic ordinances may not be shown in cases of this sort. It is a matter of common knowledge and a matter of law which the Court will take judicial cognizance that municipalities are vested with power to regulate traffic, but when a municipality assumes to regulate traffic upon its streets it must do so by proper ordinance, whether that ordinance is one specifically regulating traffic at certain points, or authorizing the police department to make rules and regulations to protect the safety and welfare of those who travel upon the public ways of the municipality. Courts will not take judicial cognizance of municipal ordinances, though they may take judicial cognizance of legislative Acts authorizing the exercise of power by municipalities through the adoption of proper ordinances. There was no attempt in this case to prove the traffic regulations applying to the intersection of the two streets where the unfortunate accident occurred by the ordinance of the City of New Smyrna, but, over the objection of the defendant, the chief of police and others were allowed to testify as to what the regulation applicable to that place was. The ordinance containing the regulation was the best evidence and the defendants had the right to re-

quire the plaintiff to prove the case by the best evidence. If the regulation was not based on an ordinance then it was not a regulation which the public was required to respect and conform to.

It is contended that because one of the defendants testified that she saw the stop sign displayed at the side of the street which she was traveling and that she stopped the car which she was driving before entering the intersection, complying with the stop sign, the error, if any, was harmless. We cannot agree with the contention because the weight of the evidence is that this defendant did not stop the car which she was driving at that place and whether or not she did stop the automobile which she was driving at that place is the very crux of this case. She was not driving at an excessive rate of speed, and, absent any regulation requiring her to stop at this intersection it is quite probable that a jury would not have found a verdict against the defendants. It must be conceded also that, absent an ordinance regulating the traffic at this intersection, the driver of the automobile in which the plaintiff was riding would have had no right to assume that the automobile driven by the defendant would come to a stop at this intersection before entering the intersection. So the existence of the regulation and the existence of a valid ordinance creating or authorizing the regulation was of first importance.

The charge challenged in the second question was erroneous because it assumed the existence of an ordinance regulating traffic at the point in controversy when the same had not been proven.

The same conclusion applies to the contentions presented by the third and fourth questions.

The matters challenged by the remaining questions above

referred to are not discussed further because of the reasons hereinbefore stated..

For the reasons stated, the judgment must be reversed and the cause remanded for a new trial.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN, J., concurs in the opinion and judgment.

DAVIS, J., dissents.