State *ex rel.* Mrs. Helen Foster v. H. V. Yocum, Chief of Police, City of Miami Beach, Dade County; also State *ex rel.* Charles F. Dow v. H. V. Yocum, Chief of Police, City of Miami Beach, Dade County.

191 So. 35

Division A

Opinion Filed September 15, 1939

*Roger Edward Davis* and *Joe Brown Booth,* for Plaintiff in Error;

*G. A. Worley,* for Defendant in Error.

Buford, J.—Writ of error brings for review judgment of remand in habeas corpus proceedings.

Plaintiffs in error were each charged in municipal court as follows:

"City of Miami Beach,

"County of. Dade,

"State of Florida

"37971

"Before the subscriber, the City Clerk in and for the City . of Miami Beach, Florida, personally came Mrs. Chas. F.

Dow, who being duly sworn says that one Chas. F. Dow did on the 19th day of February A. D. 1939, at and in the city aforesaid violate Ordinance 271, Section 7, of the Ordinances of the City of Miami Beach, Florida, by DISORDERLY CONDUCT contrary to and against the ordinances of said City of Miami Beach in such cases made and provided."

Each of the plaintiffs in error was tried and convicted and thereafter, sued out writ of habèas corpus. The two proceedings were consolidated, and on return coming in and hearing being had, the petitioners were remanded.

It is the contention of plaintiffs in error that the ordinance, violation of which is charged, does not define "Disorderly Conduct" and that, as the affidavits in no way charged or stated what act the accused committed, the affidavits were and are void and charge no criminal offense.

The contention may be sound but we may not assume that the premise is correctly stated. On one who avers the insufficiency of a municipal ordinance rests the burden of showing its infirmity. State v. Jacksonville, 101 Fla. 1241, 133 Sou. 114.

Judicial cognizance cannot be taken of the ordinances of an incorporated town. They are subjects of proof. Freeman v. State, 19 Fla. 552.

So far as the record here discloses, there was no proof in the lower court of the involved ordinance; therefore, we are unable to reach the conclusion on the record that the lower court committed reversible error.

The judgments must be affirmed.

So ordered.

TERRELL, C. J., concurs.

THOMAS, J., concurs in conclusion.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court: