EDWARD THIGPEN v. THE CITY OF MIAMI, FLORIDA

4 So. (2nd) 365
Special Division A
Opinion Filed October 24, 1941

*A. C. Franks,* and *H. H. Eyles,* for Plaintiff in Error;

*J. W. Watson, Jr.,* and *Wm. W. Charles,* for Defendant in Error.

WHITFIELD, J.—An action was brought against the City of Miami in the Circuit Court for Dade County, Florida, by Edward Thigpen seeking to recover

damages under Sec. 7049 (4962) C.G.L., for the wrongful death of his infant daughter caused by a collision, at a city street intersection, of a city fire department hook and ladder truck with the automobile in which the child was a passenger. Plaintiff's daughter was eleven months old and the automobile belonging to the father was being driven by its mother at night, there being an overhead traffic control light at the street intersection.

The first count of the declaration alleges, among other matters, that "it had been the persistent habit and habitual custom of" employees of the City of Miami, in driving fire extinguishing equipment, "on their way to fires to drive the same at a high and dangerous and grossly negligent rate of speed, into and through street intersections where traffic control signal lights were maintained and operated by the defendant . . . without regard for the rules and regulations for the control of traffic therein;" that defendant's employee "persisting in the custom and habit of driving the defendant's motor vehicle fire fighting equipment at high and dangerous and grossly negligent rates of speed" did at the time and place stated,

". . . drive and operate said motor vehicle hook and ladder truck, at such a high and dangerous and grossly negligent rate of speed as to indicate a wanton disregard of the rights of others and a careless and reckless indifference to the safety of the lives and property of persons lawfully using the public streets at the street intersection aforesaid, and the defendant's said employee driving said motor vehicle hook and ladder truck then and there disregarded the red and unfavorable traffic control signal light then and

there set against east bound traffic, and wrongfully entered and undertook to cross said street intersection and wrongfully invaded the right of way accorded to the automobile of the plaintiff, and as a proximate result thereof the said motor vehicle hook and ladder truck violently struck the automobile of this plaintiff and wrecked and demolished it. Plaintiff further avers that at said time and place plaintiff's eleven months old infant daughter, Norma Thigpen, was riding in plaintiff's automobile aforesaid, and as a proximate result of the collision aforesaid caused by the grossly negligent, wanton, willful, and reckless operation of said motor vehicle hook and ladder truck, plaintiff's said infant daughter, Norma Thigpen, was killed."

". . . that by reason of the wrongful death of his said infant daughter, Norma Thigpen, plaintiff has been and will be deprived of the services which might or could have been rendered to him by his said infant daughter during her minority, and plaintiff and his said wife have suffered mental pain and anguish to the damage of the plaintiff in the sum of Fifty thousand dollars ($50,000.00)."

The second count contains somewhat similar allegations as to the custom and habit of the city employees in negligent driving of fire fighting trucks on the way to fires in the city and that the city

". . . did through one of its firemen or employees, acting within the scope and course of his employment, drive, operate and propel said motor vehicle hook and ladder truck in an easterly direction over and along Northwest 36th Street, a public street in the City of Miami, Florida, and into the intersection of said 36th Street with North Miami Avenue, another public

street in said City, at a grossly excessive rate of speed, and in disregard of the traffic control signal light at said intersection, without sufficient and adequate warning by siren, exhaust whistle, or bell audible to persons lawfully approaching said intersection in closed motor vehicles, and into, upon and against a certain Willys sedan automobile owned by the plaintiff, and then and there driven and operated by plaintiff's wife, Virginia Thigpen, in consequence whereof plaintiff's automobile was wrocked and demolished, and plaintiff's eleven months old infant daughter, Norma Thigpen, was killed." . . .

"Amplifying his allegations with respect to the relationship between the respective vehicles, plaintiff further avers at the time of the collision aforesaid, plaintiff's wife Virginia Thigpen, was driving and operating the Willys Sedan automobile of the plaintiff in a southerly direction over and along said North Miami Avenue, the windows thereof being closed because of cool weather, and said automobile thus driven by his wife, Virginia Thigpen, had approached the intersection of said North Miami Avenue with 36th Street at a time when the traffic control signal light maintained and operated by the defendant at said intersection was green and favorable to south bound traffic, and plaintiff says that his said wife, Virginia Thigpen, relied upon said favorable green traffic control signal light, and did enter and was in the course of crossing the street intersection aforesaid when the motor vehicle hook and ladder truck of the defendant driven by a fireman or employee of the defendant at a grossly excessive rate of speed, and in disregard of the aforesaid traffic control signal light violently ran into and against plaintiff's automobile."

The third count contains allegations as to negligent maintenance of an "unguarded drainage inlet" in the street into which plaintiff's child was thrown and drowned when the collision of the motor vehicles occurred. Each count states damages at $50,000.00.

Demurrers to the declaration were properly overruled. There is no express claim for punitive damages and allegations of the declaration do not require punitive damages but are sufficient to claim compensatory damages.

There were pleas of not guilty and of contributory negligence of the plaintiff's wife who was the driver of the plaintiff's car in which their infant child was a passenger.

At the close of plaintiff's evidence the court directed a verdict for the defendant and entered judgment thereon. Writ of error as taken by the plaintiff.

The trial court proceeded upon the theory that as the declaration in effect alleged the habitual and customary operation of the city fire fighting trucks was so negligent as to be a nuisance, a failure of plaintiff to prove such allegations required a directed verdict. Even if under Rule 32, the stated allegations were not admitted in the absence of a denial by special plea, it was not necessary that such allegations be made in stating a cause of action in this class of cases. In Maxwell v. City of Miami, 87 Fla. 107, 100 So. 147, 33 A.L.R. 682; Kaufman v. City of Tallahassee, 84 Fla. 634, 94 So. 697 and 87 Fla. 119, 100 So. 150; City of West Palm Beach v. Grimmett, 102 Fla. 680, 137 So. 385, and other cases there may have been allegations of such customary negligence of the city employees but such allegations are not essential in stating a cause of action as is shown in City of Miami

v. McCorkle, 145 Fla. 109, 199 So. 575; City of Tampa v. Easton, 145 Fla. 188, 198 So. 753.

The declaration sufficiently states a cause of action for compensatory damages and does not claim punitive damages. In the brief for plaintiff below it is said "We submit that no question of punitive damages is involved in this case."

Evidence adduced before a verdict for the defendant was directed, tended to support the essential allegations of the declaration on the plea of not guilty and at that stage of the trial it was error to direct a verdict for the defendant. See Sec. 4363 (2696) C.G.L.; Florida C. & P. R. Co. v. Williams, 37 Fla. 406, 20 So. 558.

Contributory negligence was not established by the evidence. Teddleton v. Florida Power & Light Co., 145 Fla. 671, 200 So. 546.

The judgment is reversed and the cause remanded for appropriate proceedings.

BROWN, C. J., TERRELL, and ADAMS, J. J., concur.