**THE CITY OF MIAMI, FLORIDA, a municipal corporation, v. EDWARD THIGPEN.**

11 So. (2nd) 300            Division A
November 17, 1942      On Rehearing January 4, 1943

J. W. Watson, Jr., and Murrell & Malone, for appellant.

A..C. Franks and H. H. Eyles, for appellee.

ADAMS, J.:

This case was before this Court once before. See Thigpen v. City of Miami, 148 Fla. 304, 4 So. (2nd) 365. There we reversed a judgment, directed for defendant at the close of plaintiff's case. The case came on for trial again and a verdict was returned by the jury in the amount of $12,500.00. The trial court denied a new trial on condition of plaintiff's entering a remittitur of $2500.00. The remittitur was made and judgment was entered for $10,000.00.

One of the defendant's pleas was based on the favored traffic ordinance of the City of Miami which reads:

. *"Operation of Vehicles and Street Cars on Approach of Authorized Emergency Vehicles.* Upon the approach of an authorized emergency vehicle, when the driver is giving audible signal by siren, exhaust whistle, or bell, the driver of every other vehicle shall yield the right-of-way and shall immediately drive to

a position parallel to, and as close as possible to, the right-hand edge or curb of the street, unless traveling upon a one-way street, clear of any intersection, and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer."

Defendant insists it did not get the benefit of this ordinance.

The trial court charged the jury on this ordinance as follows:

"The Court charges you that the defendant has filed a plea to the effect that the City of Miami has enacted an accident ordinance regulating traffic in the City of Miami, and that under that ordinance all emergency vehicles such as fire fighting equipment, have the right of way even as against a red light; and if the defendant has proven that the City has such a regulation, then it would not be negligence on the part of the drivers of the fire fighting equipment motor vehicles to drive through a red light, provided in driving through such red light the driver of the vehicle exercised reasonable care to avoid injury to others lawfully using the street."

The effect of this ordinance is to remove the prima facie of negligence by the emergency vehicle *when so used* in violation of the state speed law. It does not however relieve the defendant from the duty to exercise due care even while acting in an emergency. Whether due care was exercised was a question of fact for the jury, subject however to judicial review. It is therefore proper for us to determine, as it was proper for the trial judge to determine, whether there was substantial evidence of neglect to use due care by the truck driver which caused the injury. It is not

enough to say as appellee, that this was settled by the first appeal. There we did not have before us the above ordinance and defendant's evidence. We do not take judicial notice of municipal ordinances. The hook and ladder truck here involved was equipped with only two wheel brakes. Considering the distance the truck traveled after the brakes were applied and the damage done to the car of appellee, together with all the evidence, we are satisfied that there was substantial evidence upon which the jury might have said that the truck was operated negligently and that such negligence was the proximate cause of the injury.

The question of contributory negligence was discussed on the former appeal.

This brings us to the final question and that is the amount of the verdict. The amount of damage as well as the question of liability are both questions of fact for the jury's determination, under appropriate instructions and subject to judicial review. The Court is reluctant to substitute its judgment for that of the jury. Neither will it set aside the verdict because excessive except where it is wholly unsupported by the evidence, or it appears the jury was influenced by passion, prejudice or other improper motive. In any event, the burden is with him who attacks the verdict. See Breeding's Dania Drug Co., et al., v. Runyon, 147 Fla. 123, 2 So. (2nd) 376; Tampa Electric Company v. Bazemore, 85 Fla. 164, 96 So. 297.

It is worthy of note here that the trial court exercised his power of judicial review and reduced the verdict by $2500.00, whether that was too much or too little we make no comment. It does signify that he approved with due consideration the remaining $10,000.00. As to how great a mother and father can

suffer for the tragic and unfortunate loss of their only baby, we cannot say. The law cannot restore though it does provide redress in the form of damages. The amount in question is $10,000.00. This amount was approved by six jurors and the trial judge. They heard and saw the parties and their witnesses. There is no showing of improper procedure which might have influenced the jury. While the question of liability might be close from the standpoint of defendant's negligence and plaintiff's contributory negligence, yet we are not, for that reason, warranted in reducing the verdict because compensatory damages are not awarded on the basis of the degree of negligence or contributory negligence.

This judgment is not so great as to shock the judicial conscience of the Court and drive us to the conclusion that it is the result of passion, prejudice or other improper motive. The judgment is affirmed.

BROWN, C. J., WHITFIELD and BUFORD, JJ., concur.

PER CURIAM:

Upon further consideration of this cause on petition for rehearing the majority of the Court are of the opinion that the judgment should be affirmed if the plaintiff shall within fifteen days of going down of the mandate enter such remittitur as to allow the judgment to stand for $8,000.00 as of the date thereof, otherwise the judgment will stand reversed for new trial.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL and BUFORD, JJ., concur.

CHAPMAN and ADAMS, JJ., dissent.

THOMAS, J., not participating.