273 So.2d 753 (1972)
Jimmy Jack HOLMES and William Stafford Allison, Petitioners,
v.
STATE of Florida, Respondent.
No. 42069.
Supreme Court of Florida.
December 20, 1972.
Rehearing Denied March 21, 1973.
Mark Hawes and Britt Whitaker, Tampa, for petitioners.
Robert L. Shevin, Atty. Gen., and David Luther Woodward, Asst. Atty. Gen., for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Second District (State v. Holmes, 256 So.2d 32 (Fla.App.2d, 1972), which allegedly conflicts with several decisions of this Court and of the other District Courts of the State. Fla. Const., art. V, § 4, F.S.A. Having reviewed the case sub judice and those offered as being in conflict, we have determined that there is direct conflict and that we have jurisdiction.
We are concerned primarily with the question of whether a court of general jurisdiction may notice municipal ordinances. The original Florida case dealing with judicial notice of municipal ordinances was Freeman v. State, 19 Fla. 552 (1882), where it was held that courts cannot take cognizance of municipal ordinances, as ordinances are a matter for proof.
In Freeman v. State, supra, the crime charged was perjury before a mayor's court where the defendant had allegedly given false testimony in a case involving a gambling ordinance. In the perjury trial, the ordinance was not introduced and no evidence was offered showing the jurisdiction of the mayor's court in the earlier case. This Court held that the accused, therefore, could not be found guilty of perjury before a properly constituted court, reasoning:
"The indictment and the record are silent upon the subject of such an ordinance. The fact that it existed should have been alleged in the indictment and the proof of it should have appeared in the evidence." (19 Fla. 552, pp. 556-557)
Subsequent cases decided by this Court have refused to consider appeals from decisions involving municipal ordinances where the ordinances were not introduced into evidence or properly made a part of the record on appeal, reasoning that
"We cannot take judicial cognizance of a municipal ordinance." State ex rel. Kay v. City of Miami, 158 Fla. 26, 27 So.2d 413 (1946).
See also State ex rel. Donnelly v. Teasdale, 21 Fla. 652 (1855); Ferlita v. Jones, 50 Fla. 218, 39 So. 593 (1905); Stephens v. Anderson, *754 75 Fla. 575, 577, 79 So. 205 (1918); City of Miami v. Thigpen, 151 Fla. 800, 11 So.2d 300 (1943); and Miami Shores Village v. Bessemer Properties, 54 So.2d 108 (Fla. 1951). The application of Freeman v. State, supra, through the subsequent decisions of this Court noted above has barred judicial cognizance of ordinances by this Court and trial courts.
In Douglass v. Sapotnick, 126 Fla. 753, 171 So. 765 (1937), this Court held that the ordinance is the best evidence of the contents of the ordinance and that the defendant had the right to require the best evidence. However, the issue was not whether the ordinance must be proved, but sufficiency of proof of the ordinance when it was placed in issue.
In Town of Crystal River v. Williams, 61 So.2d 382 (Fla. 1952), this Court applied an ordinance against the Town when the ordinance was not introduced into evidence because the ordinance had been lost by the Town. The Court rejected the rule against judicial cognizance of ordinances on a basis of estoppel. In Conrad v. Jackson, 107 So.2d 369 (Fla. 1959), quotations from an ordinance made by the Chancellor were relied upon to uphold the findings of the Chancellor although the ordinance was not introduced into evidence.
In State ex rel. Foster v. Yocum, 140 Fla. 53, 191 So. 35 (1939), this Court voiced the rule that has been applied by this Court in the cases decided subsequent to Freeman v. State, supra. On the
"[O]ne who avers the insufficiency of a municipal ordinance rests the burden of showing its infirmity." 191 So. 35 (1939)
We have been unable to discover, and counsel has failed to suggest, any decision by this Court which has specifically prohibited cognizance of municipal ordinances by trial courts, although general prohibitive language which would include trial courts has been employed. In no case which we have discovered has this Court reversed a decision of a trial court which enforced a municipal ordinance by judicial cognizance where that court had the duty to enforce the ordinance.
The District Court of Appeal, Third District, has specifically applied the rule against a court taking judicial cognizance of municipal ordinances to a trial court in Town of Medley v. Caplan, 191 So.2d 449 (Fla.App.3d, 1966), when the District Court determined that the trial court had, inter alia, held to be unconstitutional an ordinance not entered into evidence before the trial court. In Wilkins v. Tebbetts, 216 So.2d 477 (Fla.App.3d, 1968), and Applied Research Laboratories of Florida, Inc. v. Homer, 249 So.2d 732 (Fla.App.3d, 1971), the District Court repeated its holding of Town of Medley, but in none of the cases did the District Court reverse the application of an ordinance by the trial court as Holmes is urging should be done in the case sub judice. In all three cases decided by the District Court of Appeal, Third District, the result reached by the trial court was affirmed. In another decision, the District Court held that the Appellate Court could not take judicial cognizance of a municipal ordinance, so that the finding of the Chancellor had to be upheld. City of Opa-Locka v. Trustees of Plumbing Industry Promotion Fund, 193 So.2d 29 (Fla.App.3d, 1966).
In City of Hollywood v. Coley, 258 So.2d 828 (Fla.App.4th, 1971), the District Court of Appeal, Fourth District, held that failure to introduce an ordinance into evidence barred the Appellate Court from considering the specific provisions of the ordinance, so that the interpretation of the trial court was affirmed. The District Court of Appeal, Second District, has restated its position in a case decided subsequent to the case sub judice:
"The law is well settled that such questions can only be heard and considered by the appellate Court if properly reserved in the lower Court and assigned as error upon appeal." Haverty v. State, 258 So.2d 18, p. 20 (Fla.App.2d, 1972)
*755 Thus, so far as we can determine, the rule of Freeman v. State, supra, has never been applied so as to undo an application of a municipal ordinance by a trial court which is charged with the duty of enforcing the ordinance. Despite the wording, which has often been so general as to include all courts and, in Town of Medley v. Caplan, supra, has specifically included trial courts, the result of the series of opinions in this State dealing with judicial cognizance of municipal ordinances has been to affirm applications of ordinances by trial courts where the ordinance has not been entered into evidence.
"The general rule is that county, town or municipal laws, ordinances, by-laws, or resolutions themselves are not judicially known to courts having no special function to enforce them." 31 C.J.S. Evidence § 27, p. 872.
This rule is consistent with the opinion of the District Court in the case sub judice and with the result of the other decisions rendered in this State. Many states have adopted statutes requiring judicial notice of municipal ordinances, but in those which have not,
"[I]t has been held that the court may or may not take judicial notice of a city ordinance as convenience and expediency suggests." 31 C.J.S. Evidence § 27, p. 875.
The rule established in Freeman v. State, supra, has often been repeated in the decisions of the courts of the State, but the reasoning behind such a rule has never been voiced by our courts. Corpus Juris Secundum states that ordinances
"[A]re treated as being in the nature of, and on the same footing as, private statutes, the statutes of sister states, or the laws of a foreign country." 31 C.J.S. Evidence § 27 p. 874.
Judicial cognizance of municipal ordinances is neither required nor barred by statute in Florida, but private laws have risen to the status of public laws pursuant to Fla. Stat. § 92.01, F.S.A.; the statutes of sister states are a matter for obligatory judicial cognizance pursuant to Fla. Stat. § 92.031, F.S.A., and the laws of foreign countries may be proved by parol evidence pursuant to Fla. Stat. § 92.04, F.S.A.
Thus, the Legislature has shown a notable tendency toward increased freedom in the area of judicial cognizance and proof. The result of the judicial decisions in this State has been to allow great discretion in the trial court as to judicial cognizance of municipal ordinances. Also, whatever reason may have existed in 1882 for the language adopted in Freeman v. State, supra, today the ready access to the municipal ordinances of most towns and cities in Florida would make judicial cognizance by trial courts of those ordinances which the trial court is charged with enforcing both reasonable and beneficial to the trial court in appropriate circumstances.
Therefore, we can see no reason for disallowing a trial court to take judicial cognizance of those ordinances which it is charged with enforcing if convenience and expediency so suggest. Such cognizance is held not to be obligatory on the trial judge, but rather to be permissive, depending upon the wise discretion of the trial judge in the various factual situations which may arise.
Insofar as the result reached in this decision and that reached by the District Court and adopted by us require us to retreat from the wording of earlier decisions, we do so, emphasizing that the result of those earlier decisions would not be altered by this holding.
The opinion of the District Court of Appeal is approved and adopted by this Court. The writ of certiorari is discharged.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, BOYD, McCAIN and DEKLE, JJ., concur.