MANN, Chief Judge
(dissenting).
This is a harmless error case if I ever saw one.
As time goes on the work load of this court increases, markedly impairing the precision of language with which we state the law. So it is with trial judges, and when a trial judge has reached the only result sustainable on the record, the ascription of a reason to the order which is not precisely correct should not furnish a basis for reversal. This was a patently unlawful arrest, based on hearsay not even offered as reliable, resulting in stopping a car for going down an alley, which is not alleged to be a crime anyhow. The car’s occupants were arrested for loitering, which they weren’t doing and which any policeman who has read the newspapers knows is now a patently phony charge unsustainable in court.[1] The only evidence of a consent to search rests upon a shrug of the shoulders. The arresting officer admits that Brehm didn’t say yes, and he didn’t say no. While it is true that no Miranda warnings need be given, it is necessary to show an intelligent and voluntary waiver to support an allegedly consensual search after an invalid arrest.[2] We are sending this case back for a petty, technical reason. We would not reverse a conviction on such flimsy ground.[3] As I said in Spanierman, cited in the majority opinion, I don’t disagree with the law, but where the trial judge has arrived at the right result by generally sound reasoning it is poor judicial administration to send the case back just to polish language. It is thus that we build our own case load. By myriad per curiam affirmances we have sought to discourage frivolous appeals by defendants. We should begin to discourage senseless appeals by the State.

. See Papachristou et al. v. City of Jacksonville, 1972, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110.

. See Judge Hobson’s opinion in Talavera v. State, Fla.App.2d 1966, 186 So.2d 811.

. See Holmes v. State, Fla.App.2d 1972, 256 So.2d 32, aff’d Fla., 273 So.2d 753 (1972); Nell v. State, Fla.App.2d 1972, 266 So.2d 404.