PER CURIAM.
Appellant urges reversal of his conviction of possession of cocaine entered pursuant to a plea of nolo contendere and adjudication of guilt following the denial of his motion to suppress.
Appellant moved to suppress the cocaine he was charged with possessing, on the ground that it was seized pursuant to a pretextual arrest for trespass. The motion to suppress the evidence was denied by the trial court upon a showing that appellant was seen by two City of Miami police officers leaving, in the night, through a window of an abandoned and boarded-up apartment building. The building was known to the officers to be a place where they had made prior arrests for trespassing and for drug possession.
It is appellant’s contention on appeal that the trial court erred in denying his motion to suppress evidence seized pursuant to a search which was unreasonable, as it was conducted incident to an allegedly pretextual arrest.
We have considered appellant’s contention in the light of the record, briefs and argument of counsel and have concluded that the trial judge correctly found that appellant’s arrest for a trespass committed in the officers’ presence was lawful and not a pretext. Therefore, the court did not err in denying appellant's motion to suppress the evidence which was discovered during a search of appellant incident to the arrest. See Bascoy v. State, 424 So.2d 80 (Fla. 3d DCA 1982); State v. Holmes, 256 So.2d 32 (Fla. 2d DCA 1971), writ discharged on different issue, 273 So.2d 753 (Fla.1972).
No error having been demonstrated, the conviction and sentence are affirmed.
Affirmed.