PER CURIAM.
We reverse the order granting defendant’s motion to suppress a duffel bag, and firearms found in the bag, during an inventory search of defendant’s car following the stop of the car and defendant’s arrest for driving with a suspended driver’s license.
The stop and inventory search were valid. See State v. Irvin, 483 So.2d 461 (Fla. 5th DCA), rev. denied, 491 So.2d 279 (1986); State v. Holmes, 256 So.2d 32 (Fla. 2d DCA 1971), approved, 273 So.2d 753 (1972). The officer who found the firearms was entitled to open the bag after he saw that it looked like the duffel bag which had been recently stolen, together with firearms, from the sheriff’s department offices and had felt firearms inside the bag. United States v. Ross, 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572, 594 (1982) (when probable cause exists to justify “the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents”). See also United States v. Portillo, 633 F.2d 1313 (9th Cir.1980), cert. denied, 450 U.S. 1043, 101 S.Ct. 1764, 68 L.Ed.2d 241 (1981).
*315 Although the evidence did not show that a standardized procedure had been established for the law enforcement officials to open closed containers during such a search, State v. Wells, 539 So.2d 464 (Fla.1989), does not require a contrary result. Here, in contrast to the situation in Wells, there was, as we have indicated, probable cause to search the bag.
Reversed and remanded for proceedings consistent herewith.
CAMPBELL, C.J., and LEHAN and ALTENBERND, JJ., concur.