FERRY PASS SHIPPERS & INSPECTORS' ASSOCIATION, *Plaintiff in Error,* v. PENSACOLA LUMBER COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed March 18, 1913.

1. Section 1609 of the General Statutes provides that no judgment after verdict shall be reversed for any faulty count

in the declaration where the declaration contains one good count.

2.  Where a corporation authorized to do so engaged in the busi-
ness of measuring and inspecting timber for the public for hire
and issuing specifications thereof and boom receipts therefor,
for the use of the public in purchasing and selling timber,
negligently gives certificates of inspection and thereby in-
jures a purchaser, there may be liability in an action for
damages even though the person who signed the inspection
certificates for the defendant corporation is a licensed tim-
ber inspector under the statutes of the State; and the nego-
tiable character of the certificates is immaterial

3.  The striking of special pleas may be immaterial where the
defenses stated in the stricken pleas are allowed to be made
under the general issue.

Writ of error to the Circuit Court of Escambia
County.

Judgment affirmed.

*Avery & Price,* for Plaintiff in Error,

*Reeves & Watson & Pasco,* for Defendant in Error.

WHITFIELD, J.—The declaration upon which judgment
herein was rendered is as follows:

"The plaintiff, Pensacola Lumber Company, a cor-
poration by its attorneys, sues the defendant, Ferry
Pass Shippers & Inspectors' Association, a corporation,
for that prior to the institution of this suit the defend-
ant corporation was engaged in the business of hand-
ling, measuring, procuring the inspection of, storing
booming, grading and classifying timber and making
specifications thereof for the public for hire and reward.

VOL. 65, JANUARY TERM, 1913.    315

Ferry Pass Ship & Insp. Asso. v. Pen. Lum. Co.—Opinion of Court.

with the intention that the sellers and purchasers should rely upon the inspection and specifications made by said corporation and its inspectors in selling or purchasing same and in fixing the sizes, quality, quantity and value thereof, and during a part of the said period one John T. Harper was the President and General Managing Agent of the said corporation, and during other parts one Wm. A. Tippin was the President and Managing Agent of the defendant aforesaid, each authorized by it to inspect and have inspected on its behalf timber as aforesaid, and to grade and classify the same, and to make and issue specifications therefor and boom receipts therefor, to be used and relied upon by sellers and purchasers of such timber in selling or purchasing the same, and in fixing the sizes, quality, quantity, and value thereof; that during, to-wit, the months of March, April, May and June, 1910, the defendant corporation for reward to it paid, received and pretended to inspect and classify, or procured to be done, divers and sundry rafts and pieces of timber received by it from the Cedar Creek Mill Company, and issued therefor boom receipts and specifications of the sizes, grade, quality and quantity of the said timber, purporting to be based upon inspections, some of which were made by John T. Harper, President and agent of the defendant corporation, and some of which were made by Wm. A. Tippin, President and agent of the said defendant, and knowing and intending that said boom receipts and specifications would be relied upon and acted upon by purchasers of said timber, and that the value to be paid therefor would be fixed upon the basis of the facts disclosed by said receipt and specifications; that thereafter the plaintiff being then and there engaged in the business of buying and selling timber and lumber purchased the said

316    SUPREME COURT OF FLORIDA.

Ferry Pass Ship & Insp. Asso. v. Pen. Lum. Co.—Opinion of Court.

timber aforesaid without ever having seen or inspected the same, relying solely upon the said boom receipts and specifications which were then and there exhibited to and delivered to the plaintiff by the seller in fixing the price it paid for said timber according to said specifications and receipts; that the said defendant had carelessly and negligently inspected the said timber and made the said receipts and specifications, so that the said receipts did not truthfully and correctly represent the sizes, quantity or quality of the timber purchased by the plaintiff, but said timber was smaller in size, of inferior quality, and much less in quantity than was shown by said receipts and specifications; all of which was unknown to the plaintiff, at the time of the purchase, but was or should have been known to the defendant had it exercised reasonable care in making said inspection receipts and specifications; whereby the plaintiff was caused to pay and did pay for said timber to the value thereof represented by the sizes, quantity, grade and quality shown by said specifications, which is more than the actual value of the timber according to the real quantity, size, grades and quality thereof; to the damage of the plaintiff in the sum of $2,000.00.

Wherefore plaintiff sues and claims damages in the sum of $2,000.00.

## SECOND COUNT.

And for further cause of action the plaintiff avers that prior to the institution of this suit the defendant corporation was engaged in the business of measuring and inspecting timber for the public for hire and for reward, and issuing specifications of timber showing the sizes, quality, grade and quantity, for the use of the

public in purchasing and selling timber, and did so negligently and carelessly inspect certain timber and so negligently and carelessly prepare the specifications therefor that the plaintiff purchased the same according to said specifications and relied thereon, and it was induced to pay therefor and did pay therefor much more than the said timber was worth had it been correctly inspected and true and correct specifications issued therefor; that during part of the time of the inspection of the said timber and the issuing of the said specifications one John T. Harper was the President and General Manager of the said defendant corporation, and the remainder of the time one Wm. A. Tippin was the President and General Manager of the said defendant corporation, and during the time of their respective Presidencies the said Harper and the said Tippin signed the said specifications for the said defendant corporation and were then and there at said times respectively licensed timber inspectors under the statutes in such cases made and provided.

Wherefore, plaintiff sues and claims damages in the sum of $2,000.00.

### THIRD COUNT.

And for further cause of action the plaintiff says that prior to the institution of this suit the defendant was engaged in the business of storing, measuring, grading and inspecting timber for the public for reward and issuing written specifications of timber so inspected by them, showing the size, grade, quantity and quality of such timber, for the use of sellers and purchasers in buying and selling such timber, knowing and intending that such specifications should and would be relied on

by such purchasers and sellers as correct; that plaintiff purchased certain timber which was stored with the defendant corporation, which had been inspected by the defendant corporation, according to certain specifications made and issued by the said defendant; that during the time of the inspection of a part of the said timber one John T. Harper was the President of the said defendant corporation and manager thereof, and during the remainder of the said time of the inspection of said timber one Wm. A. Tippin was the President of the said defendant corporation, and as such Presidents they respectively issued specifications in the name of the corporation that said inspection was so carelessly and negligently made by the defendant that such specifications did not set forth the true sizes, quantity, grade and quality of the timber so purchased; that said specifications were relied upon by the plaintiff as correct, whereby it was induced to pay more for such timber than it was reasonably worth; that said inspection and specifications were so carelessly and negligently made that they exhibited large differences in quantity, quality, grade and size of said timber; whereby plaintiff was damaged in the sum of $2,000.00.

Wherefore it sues and claims damages in the sum of $2,000.00.

### FOURTH COUNT.

And for further cause of action the plaintiff says that prior to the institution of this suit the defendant was engaged in the business and held itself out to the public as so engaged, of inspecting and storing timber, and issuing therefor negotiable receipts together with specifications, showing the size, quantity and quality of tim-

ber; that during, to-wit, the months of March, April, May and June, 1910, the defendant corporation issued to the Cedar Creek Mill Company certain negotiable receipts, with specifications attached, showing the delivery to the defendant corporation and inspection by it of certain rafts of timber of the said Cedar Creek Mill Company, a part of which receipts and specifications were signed in the name of the defendant by one John T. Harper, who was then President of the company, and a part of which was signed in the name of the defendant by one Wm. A. Tippin, who at the time of signing same was President of said company; that said defendant falsely and fraudulently represented in and by the specifications aforesaid that the said timber was of better quality and large in size, and greater in quantity than in truth and fact the said timber was; that at the time of the issuance of said receipts and specifications the defendant knew the same would be used by the said Cedar Creek Mill Company in selling the said timber, and that purchasers would rely thereon in fixing the size, quantity and quality thereof, and in fixing the price to be paid therefor; that the defendants further knew or ought to have known that said timber was less in quantity and inferior in quality than was stated in the specifications and receipts aforesaid; that the plaintiff purchased the said timber solely on the faith of the representations aforesaid, and by reason of its relying on the said receipts and specifications paid more for said timber than it was reasonably worth, and more than it would have paid if it had known the true quality and quantity thereof; whereby plaintiff was damaged in the sum of $2,000.00.

Wherefore it sues and claims damages in the sum of $2,000.00."

A demurrer to the declaration and each count thereof, was interposed upon grounds in effect that it does not appear that the defendant has done any act giving the plaintiff any cause of action; that there is no such privity between plaintiff and defendant as to entitle the plaintiff to the action; that the certificates of inspection do not appear to have been legally negotiable; that each count is vague, indefinite and uncertain.

The demurrer was overruled and the defendant pleaded the general issue of not guilty and also several special pleas, which special pleas were stricken by the court on the specified ground that the matters therein stated are available to the defendant under the general issue.

There was a general verdict and judgment for the plaintiff and the defendant took writ of error, assigning as error the orders overruling the demurrers to the declaration and striking the special pleas and also the rendering of the judgment.

The contention that if there is one faulty count in the declaration the judgment cannot stand, is without merit. Section 1609 of the General Statutes provides that no judgment after verdict shall be reversed for any faulty count in the declaration where the declaration contains one good count. See Varn v. Pelot, 55 Fla. 357, 45 South. Rep. 1015.

It is argued that the right of action is based upon specifications made by licensed timber inspectors who under the statute give official bonds, and that consequently the rights of the purchaser are measured by the provisions of the statute. But the action is based upon the theory that the defendant who was engaged in the business of measuring and inspecting timber for the public for hire and issuing specifications thereof and boom receipts therefor, for the use of the public in pur-

chasing and selling the timber, did so negligently and carelessly inspect timber and so negligently and carelessly prepare the specifications and give certificates therefor that the plaintiff who purchased the timber according to said specifications and relied thereon, was injured thereby. The fact that the persons who signed the specifications for the defendant corporation were licensed timber inspectors under the statutes of the State is not material to the defendant's liability for the negligence alleged of such negligence proximately and reasonably caused the injury asserted.

The negotiability of the certificates of inspection and specifications was not essential to the defendant's liability. In undertaking to serve the public in the capacity stated the defendant corporation assumed a relation to members of the public out of which the law raised a duty to exercise due care and skill in making the inspections and certificates of specifications of timber, and if such duty is negligently performed, resulting injury creates a liability in damages.

The demurrer to the declaration was properly overruled and there was no material error in striking the special pleas since there is no showing that the court did not allow the defenses stated in the special pleas to be made under the general issue, after he ordered that such defenses would be so available.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR AND COCKRELL, J. J., concur.

HOCKER, J., absent concurred in the opinion as prepared.