THE CITY OF TALLAHASSEE, FLORIDA, A MUNICIPAL CORPORATION, *Plaintiff in Error*, v. H. R. KAUFMAN, *Defendant in Error.*.

Opinion Filed February 14, 1924.

This case was decided by Division B.

1. The State law forbids the operation of motor vehicles on the public highways of the State recklessly or at a greater rate of speed than is reasonable and proper, having due regard to the traffic and use of the highways so as to endanger the property or life or limb of any person and provides penalties for violations of the law.

2. Whether the operation of a fire department by the city may be technically denominated a governmental or a corporate function, the rule in this State is that a municipality is liable for the injuries caused by negligence in not keeping its streets in a reasonably safe condition for lawful uses, and for injuries caused by negligent operations or conditions upon the streets that amount to a nuisance.

3. The operation upon the public streets of an automobile as a part of the fire extinguishment equipment of a city, is not such an essentially or exclusively governmental function as to exempt the city from liability for injuries to persons lawfully using the streets, when such injuries are solely caused by the grossly negligent manner in which the automobile is operated upon the streets on which persons are lawfully traveling on foot or in permissible vehicles.

4. Reckless driving of fire trucks on the streets of a city is manifestly not essential to efficiency in fire fighting, and such conduct needlessly and unreasonably and consequently unlawfully impairs the private rights of those who are lawfully upon the streets with their property. Such conduct renders the streets unsafe, and when permitted by the city, liability of the city may arise therefrom if persons and property lawfully on the street are injured in consequence thereof.

A Writ of Error to the Circuit Court for Leon County, E. C. Love, Judge.

Affirmed.

*Myers* and *Myers*, for Plaintiff in Error;

*W. C. Hodges* and *Fred H. Davis*, for Defendant in Error.

PER CURIAM.—An action was brought to recover damages from the city for personal injuries received by the plaintiff while on the sidewalk, and alleged to have been caused by a trailer on wheels attached to one of the city's fire trucks, which trailer it is alleged was of such length and construction that in turning corners of streets said trailer and its appurtenances would habitually sweep over and across adjacent sidewalks to the danger of the life and limb of pedestrians on the sidewalks. The court sustained a demurrer to the declaration and rendered judgment for the defendant city. On writ of error the judgment was reversed. Kaufman v. City of Tallahassee, 84 Fla. 634, South. Rep. 697. At another trial judgment was rendered for the plaintiff, and the city took writ of error.

The declaration contains the following: "that at the time of the acts hereinafter complained of and for a long time prior thereto, said City of Tallahassee, Florida, had and did knowingly, wilfully and unlawfully keep and maintain as a part of its said fire fighting apparatus for use in said city in fighting fires therein, a certain dangerous nuisance, to-wit: a trailer on wheels attached to one of its fire trucks and drawn thereby, which said trailer when operated over and along the streets of Tallahassee,

Florida, aforesaid by said city, through its agents and servants, was a constant menace and source of danger to pedestrians lawfully walking along the sidewalks in said city reserved by it for the exclusive use and protection of pedestrians from vehicle and animal traffic, in that said trailer so attached to said fire fighting apparatus of said city was of such length, construction and size that in attempting to turn around the corners of streets in said city said trailer and its appurtenances would habitually sweep over and across the adjacent sidewalks to the danger of the life and limb of pedestrains thereon and thereby be and remain a constant source of menace and danger to all pedestrians lawfully using said sidewalks in the vicinity where said fire apparatus and attached trailer was being operated on that portion of the streets of said city devoted and reserved for animal and vehicle traffic; all of which the said city of Tallahassee, Florida, then and there well knew and unlawfully, wilfully and knowingly permitted to exist and remain for a long time prior to and at the time of the acts hereinafter complained of; that it became and was the duty of said defendant, in the exercise of its corporate authority and the power given it by its charter to prevent and abate nuisances, to prevent and abate the operation and maintenance within its corporate limits of all manner of nuisances endangering the life and safety of pedestrians lawfully walking along its sidewalks where they had the right to rely on being safe and secure in their life and limbs while maintaining their usual and ordinary lawful use thereof, including the duty to prevent and abate the said certain dangerous nuisance hereinbefore mentioned and described, to-wit: said trailer on wheels attached to one of the city's fire trucks and drawn thereby, which said trailer when so attached and operated over and along the streets

of said city would be and was a constant source of menace and danger to pedestrians on the city's sidewalks in that said trailer was of such construction, length and size that in attempting to turn around the corners of streets in said city it and its appurtenances would habitually sweep over and across the adjacent sidewalks and endanger the life and limbs of pedestrains, but that notwithstanding its said duty in the premises, and notwithstanding the power given to said city by sectiton 12 of Chapter 6400, Laws of Florida, to prevent and abate nuisances and its duty thereunder, said City of Tallahassee, Florida, the defendant herein, unlawfully, knowingly and wilfully did on to-wit: the 26th day of April, 1919, and for a long time prior thereto, fail and refuse to abate or prevent, or attempt to abate or prevent that certain dangerous nuisance in said city consisting of said trailer on wheels attached to the city's fire fighting apparatus and drawn thereby, which said trailer when so attached and drawn and operated over and along the streets of said city would be and was a constant source of menace and danger to pedestrians on the city's sidewalks, in that said trailer was of such length, size and construction that in attempting to turn street corners in said city said trailer and its appurtenances would and did habitually sweep over and across the sidewalks adjacent thereto and endanger and menace the safety of the life and limb of pedestrians on said sidewalks where they had a right to be free from such danger and menace, but on the contrary did itself, through its corporate agents, officers, employees and servants actively maintain, keep and operate the same with full knowledge of the premises and in wilful disregard of its corporate powers and duties to prevent and abate the same, and as a direct consequence thereof, on said day, to-wit: on said 26th day of April,

1919, while plaintiff was lawfully walking along that certain sidewalk in the said City of Tallahassee running parallel to the brick pavement on Monroe street, which was reserved for vehicle and animal traffic, said aforementioned and described dangerous nuisance, to-wit: the said hereinbefore mentioned and described, while being attached to and operated in connection with said firetruck of said city, for the purposes and in the manner hereinbefore described, in attempting to turn the corner of Jefferson and monroe street in said city, did by reason of its length, size and construction aforementioned, habitually sweep over and across the sidewalk on the east side of Monroe street where plaintiff was then and there lawfully walking as a pedestrain thereon, and did suddenly, violently and without warning strike the plaintiff and injure him as alleged.

The Constitution provides: "All courts in this state shall be open, so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered without sale, denial or delay." Sec. 4 Declaration of Rights.

The State Law forbids the operation of motor vehicles on the public highways of the state recklessly or at a greater rate of speed than is reasonable and proper, having due regard to the traffic and use of the highways so as to endanger the property or life or limb of any person; and provides penalties for violations of the law. Secs. 18 and 26, Chapter 7275, Acts of 1917; Secs. 1023, 5605, Rev. Gen. Stats. 1920; Secs. 11, 13, Chap. 8410, Acts of 1921.

The Charter Act of the City of Tallahassee, in force at the time this injury occurred, Chapter 6400, Laws of 1911, Section 18, provides: "That the city council shall have power to pass all necessary laws to guard against

fire, to establish fire limits * and to provide for and maintain a fire department, and all necessary and requisite apparatus and equipment for preventing and fighting fire.'' This is not a command to provide and maintain a fire department and fire fighting apparatus as a purely governmental function, but it is a grant of power to be exercised for the benefit of the municipality and its inhabitants. The city is also given ''power to prevent and abate nuisances'' which carries with it the duty to abate nuisances, particularly those dangerous to personal safety. See City of Tallahassee v. Fortune, 3 Fla. 19, text 25.

In Keggin v. Hillsborough County, 71 Fla. 356, text 360, 71 South. Rep. 372, it is said:

''While a county may in some respects resemble a municipality in that both organizations deal with public interests, their differences are so great that the cases discussing the latter's liability in damages for the negligent omission to perform a public duty, are not analogous to those in which a liability is sought to be imposed upon a county. The one feature which sufficiently distinguishes them is that the counties are under the constitution political divisions of the State, municipalities are not. The county under our constitution being a mere governmental agency through which many of the functions and powers of the State are exercised. County of San Mateo v. Coburn, 130 Cal. 631, 63 Pac. Rep. 78, 621. It therefore partakes of the immunity of the State from liability. Many of the powers exercised by a municipality, such as building and maintaining streets, erecting and operating water supply systems, lighting and power plants are in their nature and character corporate rather than governmental. The corporation being organized voluntarily by the citizens of the locality for the purpose of local government, it is given the power and charged

with the duty by the State of keeping the streets in a safe condition. 2 Dillon's Munic. Corp. (4th ed.) §1034; City of Key West v. Baldwin, 69 Fla. 136, 67 South. Rep. 808. The citizens of a municipality have a proprietary interest in the property and funds of the municipality, the citizens of a county have not. McQuillin on Municipal Corporations says that a 'municipal corporation is in part a public agency of the State and in part it is possessed of local franchises and rights which pertain to it as a local personality or entity for its *quasi*-private (as distinguished from public) corporate advantage.' '' 1 McQuillin on Munic. Corp. 168. See also Duval County v. Charleston Lumber & Mfg. Co., 45 Fla. 256, 33 South. Rep. 531. A municipality is organized within certain limits of territory for the local advantage and convenience of the people in the particular locality, special or additional advantages or conveniences are thus obtained by such organizations. It is when exercising its functions for its *quasi*-private corporate advantage that a city is held to be liable for its negligence in the discharge of its duties, but a county acts only in a public capacity as an arm or agency of the State.''

In Maxwell v. City of Miami, this day filed, Florida cases are cited, including Kaufman v. City of Tallahassee, 84 Fla. 634, 94 South. Rep. 697, and it is said: ''Whether the operation of a fire department by the city may be technically denominated a governmental or a corporate function, the rule in this State is that a municipality is liable for the injuries caused by negligence in not keeping its streets in a reasonably safe condition for lawful uses, and for injuries caused by negligent operations or conditions upon the streets that amount to a nuisance.

''The operation upon the public streets of an automobile as a part of the fire extinguishment equipment

of a city, is not such an essentially or exclusively governmental function as to exempt the city from liability for injuries to persons lawfully, using the streets, when such injuries are solely caused by the grossly negligent manner in which the automobile is driven at a high rate of speed upon the streets on which persons are lawfully traveling on foot or in permissible vehicles. While the right of way should be given to the passage of fire fighting equipment when a destructive fire is or is supposed to be in progress, yet the rights of persons lawfully upon the streets may not be violated by the reckless driving of fire extinguishing equipment automobiles, thereby causing injuries to others who are in no way at fault in the premises.. The. public duties of municipalities are by law required to be performed so as to do no injury to private rights that is not immediately essential to conserve the public peace, health, safety, morals and general welfare. Municipalities are given powers to conserve, not to impair private rights. The organic law contains limitations upon police and municipal powers that may be sought to be conferred by statute.

"Reckless driving of fire trucks on the streets of a city is manifestly not essential to efficiency in fire fighting, and such conduct needlessly and unreasonably and consequently unlawfully impairs the private rights of those who are lawfully upon the streets with their property. Such conduct renders the streets unsafe, and when permitted by the city, liability of the city may arise therefrom if persons and property lawfully on the street are injured in consequence thereof."

Whatever may be the rule of liability of municipalities in Ohio as expressed in Aldrich v. City of Youngstown, 106 Ohio St. 342, 140 N. E. Rep. 164, overruling Fowler, Admix. v. City of Cleveland, 100 Ohio St. 158, 126 N. E.

Rep. 72, 9 A. L. R. 131, or in other jurisdictions, the rule in this State is that announced in the decisions of this court from City of Tallahassee v. Fortune, 3 Fla. 19, to Kaufman v. City of Tallahasse, 84 Fla. 634, 94 South. Rep. 697, and to Maxwell v. City of Miami, this day filed.

In this case, as is stated in the Maxwell case, the allegations of the declaration "state a course of conduct that the city should have remedied to avoid a nuisance that endangered the lives and the property of persons lawfully using the streets; and liability of the city may result therefrom if duly established." See Martin v. Board of Fire Com'rs for City of New Orleans, 132 La. 188, 61 South. Rep. 197. No other points are presented.

The former decision in this case (Kaufman v. City of Tallahasse, 84 Fla. 634, 94 South Rep. 697) was predicated upon the principles of municipal ·liability that obtained in this State, and not upon the opinion or the decision in Fowler, Admrx., v. City of Cleveland, 100 Ohio St. 158, 126 N. E. Rep. 72, 9 A. L. R. 131, cited in the Kaufman case.

Affirmed.

WHITFIELD, P. J., and WEST and TERRELL, J. J, concur.

TAYLOR, C. J., and ELLIS and BROWNE, J. J., concur in the opinion.