CITY OF AVON PARK, FLORIDA, a municipal corporation, v. ROGER GIDDENS, an infant by his father and next friend, LAWRENCE GIDDENS.

27 So. (2nd) 825            June Term, 1946
November 15, 1946            Special Division B

*Carver, Langston & Carter* and *S. C. Pardee, Jr.,* for appellant.

*Bentley & Shafer,* for appellee.

BARNS, Circuit Judge:

At trial upon the issues a verdict of $35,000.00 was rendered for appellee-plaintiff and on motion for new trial the trial judge made an order for a remittitur of $10,000.00 which the plaintiff made and the defendant City appeals.

The first count of plaintiff's declaration charges that the defendant so operated an automobile, which was in an unfit mechanical condition, so as to run said car off the highway and into and against Roger Giddens, eight years of age.

The second count is similar to the first count with a charge that the car was being operated for a "corporate purpose" and without any reference to the mechanical condition.

The trial was upon a plea of "not guilty" to the declaration.

The facts appear to be that Roger Giddens was seriously and permanently injured by having been hit by an automobile of the appellant while being driven by Ellis Green, a policeman of said city.

Ellis Green was en route to assist the Chief of Police in bringing to the station a prisoner under arrest by the Chief.

At the time of the accident the car was proceeding south and had traversed a depression in the highway called a "dip." North of the "dip" the highway was in good condition but south of the "dip" it was not.

The testimony as to the speed of the car varies from 50 to 70 miles per hour to "terrific rate" but the established facts are that upon passing over the "dip" the driver lost partial control over the car; that the brakes were defective and that the car went first to the right and then to the left after nearly hitting a tractor going north which it passed some 250 feet from the "dip;" it then hit Roger, who was off or to the left side of the highway about 450 feet from the "dip." It then returned to the right hand side of the road and came to a stop some 700 feet from the "dip."

Upon hitting Roger he was bounced upon the hood of the car—carried 150 feet where he fell off when the car hit another bump.

The left front headlight was broken.

Upon appeal the appellant's errors assigned and argued are that the trial court erred in (1) denying its motion for a direct verdict; and (2) in denying its motion for a new trial, and poses for the court's consideration certain questions.

A question presented as raised by the assignments of error is: Is a municipal corporation which has entrusted its

automobile to its police officer for use liable for damages to a pedestrian caused by the negligent operation of the automobile by the police officer in the performance of a strictly governmental function of the city?

In Maxwell v. City of Miami, 84 Fla. 107, 100 So. 147, the city was held liable for the reckless driving of a fire truck in going to a fire and held that the "police power" must not be so recklessly exercised as to unreasonably impair private rights, but that the operation of a fire truck was now governmental.

In City of Tallahassee v. Kaufman, 87 Fla. 119, 100 So. 150, the city was held liable for the operation of a fire truck in such a condition as to make it a hazard to pedestrians.

In City of West Palm Beach v. Grimmett et al., 102 Fla. 680, 136 So. 320, 137 So. 385, recovery against the city was allowed when a policeman recklessly and carelessly ran over the plaintiff when she was walking on a sidewalk of the city. A question before the court was the immunity of the city by reason of the policeman being engaged in the discharge of governmental functions.

In Wolfe v. City of Miami, 103 Fla. 774, 134 So. 539, 137 So. 892, a prisoner of the city was sent for food for use by other prisoners and the question of agency was left to be determined by the jury. If to arrest the prisoner is governmental it would appear that to feed him would likewise be governmental.

In City of Tampa v. Easton, 145 Fla. 188, 198 So. 753, the city was held liable for a tort committed by means of its automobile when operated on the streets with its knowledge and consent.

In City of Miami v. McCorkle, 145 Fla. 109, 199 So. 575, the city was held liable for reckless operation of a fire truck and cites the Kaufman and Maxwell cases, supra.

In Barth v. City of Miami, 146 Fla. 542, 1 So. (2nd) 574, the city was held liable for negligent operation of its fire truck.

From these opinions it appears that the court has at times held that a city would not be liable for tort committed by means of an automobile in the discharge of governmental

functions and proceeded to classify the operation involved as proprietary or corporate and not governmental.

It also appears at times that a city is liable for torts committed by means of its motor vehicles when operated in discharging a governmental function as in the Grimmett and Wolfe cases, supra. In the Kaufman, supra, case the court seemed to indicate an abandonment of any distinction between proprietary and governmental functions when the delict was by means of an automobile.

To hold cities liable for the negligent operation of their cars in instances such as this would provide adequate compensation to the innocent victim and at the same time spread the loss. Also it may be sounder justice. Sometime our attempted classifications may have in fact failed to classify.

Appellant claims the damages awarded were excessive. Allowing for the best of guardianship management of the minor's funds, it is apparent that the plaintiff has not been more than compensated.

Appellant attempts to impeach the verdict by its motion for new trial by reason of a statement by a juryman the day after verdict was rendered relating to insurance which the city might have carried. We consider the impeachment inadequate.

Affirmed.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.