**JAMES DUDLEY BRAGG, a minor, by J. D. BRAGG, as his next friend, v. THE BOARD OF PUBLIC INSTRUCTION OF DUVAL COUNTY, FLORIDA.**

36 So. (2nd) 222                                            June Term, 1948
June 18, 1948                                          Special Division B

*Will O. Murrell,* for appellant.
*Edwin C. Coffee,* for appellee.

TERRELL, J.:

James Dudley Bragg, a minor and student in one of the high schools of Duval County, was seriously injured by having his right arm and hand lacerated and bruised and his fingers severed while manipulating an old model printing press which the Board of Public Instruction had procured in aid of its manual training program. He brought this action to recover damages for his injury. A demurrer to the declaration was sustained, final judgment was rendered for defendant and the plaintiff appealed.

The question for determination is whether or not the Board of Public Instruction of Duval County is immune from liability in a tort action.

If we had previously been confronted with this question the judgment appealed from would have been affirmed without opinion. Appellant contends that it should be answered in the negative and supports his contention with Section 4, Declaration of Rights, Florida Constitution, Kaufman v. City of Tallahassee, 84 Fla. 634, 94 So. 697, 30 A.L.R. 371 and similar cases.

The last cited case and others relied on by appellant have to do with the liability of municipalities in tort and the law is well settled that they may be required to respond in damages for negligent injury to another.

The law may impose liability for tort on Boards of Public Instruction but the prevailing rule in this country is that they are not so liable unless made so by law. This is the rule because they are engaged in a purely governmental function. The mere fact that the Board of Public Instruction is created as a body corporate with power to sue and be sued does not affect its immunity from tort. Turk v. County Board of Education of Monroe County, 222 Ala. 177, 131 So. 436; Boice, et

al., v. Board of Education of Rock District, 111 W. Va. 95, 160 S.E. 566; Perkins v. Trask, et al., 95 Mont. 1, 23 Pac. (2nd) 982; Rhoades v. School District No. 9, 115 Mont. 352, 142 Pac. (2nd) 890, 160 A.L.R. 1. In 160 A.L.R., page 38, an exhaustive note citing many cases will be found.

The case of Swanson v. School District No. 15, Pierce County, 109 Wash. 652, 187 Pac. 386, is similar to the case at bar in that there was an attempt to impose liability on the school district for injuries to a pupil while operating a machine provided for manual training. Section 230.03, Fla. Stat., 1941, makes the county school system a part of the state school system of education and Section 242.16, Fla. Stat., 1941, requires that County Boards of Public Instruction include in their course of study one or more courses in vocational training.

The principle of immunity from tort has been approved by indirection in Section 9 and 13, Article 12 of the Constitution wherein the public school fund is detailed and immunized from use for any other purpose. It was also recognized by the Legislature in the passage of Section 234.03, Fla. Stat., 1941, requiring County Boards of Public Instruction to carry liability insurance against injury to school children being transported to or from school. Immunity from tort action has long been the rule as to county commissioners. Keggin v. Hillsborough County, 71 Fla. 356, 71 So. 372. So both the letter and implication of the law are without support for appellant's contention.

In City of Avon Park v. Giddens, 158 Fla. 130, 27 So. (2nd) 825, this court pointed out, that as to municipalities, liability for tort has not been limited to cases in which the city was engaged in a proprietary or corporate function. In other words if, in the performance of a governmental function, a city uses its instrumentalities in an unlawful, reckless or careless manner it may not in every case claim immunity from liability.

In this case the plaintiff was injured by a printing press operated in the performance of a required part of the public school curriculum. Whether the duties of Board of Public Instruction are governmental or proprietary is not necessary

to decide. They are limited strictly to the conduct of the public schools and they are required to use such funds as they have for that purpose and no other. It may be that in the years ahead the policy of spreading the damages occasioned by accidents of this kind will be approved and that society in this or some other way will be required to help bear the burden but this is a legislative field that the courts are not permitted to enter.

The judgment appealed from is, therefore, affirmed.

Affirmed.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.