89 So.2d 866 (1956)
Andrew Joseph DYKEN, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. En Banc.
October 10, 1956.
Gladstone L. Kohloss and Robert Eagan, Orlando, for appellant.
Richard W. Ervin, Atty. Gen., and Jos. P. Manners, Asst. Atty. Gen., for appellee.
HOBSON, Justice.
This is an appeal from a judgment of the circuit court entered consequent upon a verdict of guilty of murder in the first degree without recommendation of mercy.
The record before us discloses a brutal and shocking crime. The only point raised which is of merit is the propriety of the admission in evidence of an indescribably horrible photograph of the deceased lying on a mortuary slab. The deceased had been shot in the head with a shotgun. The State contends that there was no error in the admission of this photograph because it showed the fatal wound of the deceased. Authority is cited in support of this contention to the effect that competent and material evidence should not be excluded merely because it may have a tendency to influence and prejudice the jury beyond the strict limits of the purpose for which it is admissible. Lindberg v. State, 134 Fla. 786, 184 So. 662; Mardorff v. State, 143 Fla. 64, 196 So. 625; 2 Wharton's Criminal Evidence, 11th ed., Sec. 773. This argument, however, presupposes that the photograph was independently relevant. We find that it was not. The location of the wound was freely conceded and abundantly proved by other evidence. The photograph did not include any part of the locus of the crime and was too far in time and space therefrom to have any independent probative *867 value. We agree with appellant that the introduction of this photograph in evidence could have had no purpose or effect other than to inflame the minds of the jurors. We cannot say, in a first degree murder case without recommendation of mercy, that an error of this character and magnitude was not prejudicial. It follows that the judgment appealed from must therefore be, and it is hereby, reversed and the cause remanded for a new trial.
Reversed and remanded.
DREW, C.J., and THOMAS, ROBERTS, THORNAL and O'CONNELL, JJ., concur.
TERRELL, J., not participating.