SMITH, Chief Judge
(dissenting).
I am of the view that the lower court was correct in concluding that the amended complaint failed to state a cause of action. Obviously, the plaintiffs alleged facts showing that the defendant negligently operated his motor vehicle; but the question remains as to whether such alleged negligence was shown by allegations of the amended complaint to be the proximate cause of the plaintiffs’ injuries.
In the first count of the amended complaint, it is merely alleged that the defendant was negligent in driving his automobile at a very high rate of speed in an attempt to avoid capture; that the police officers pursued the defendant in an effort to stop him; and that the police car collided with a curb “due to the high rate of speed that they [the police officers] were forced to maintain in the performance of their lawful duty.” [Emphasis added.] In the second count of the amended complaint, the defendant’s negligent acts were alleged in greater detail (e. g., operating the automobile at an extremely high rate of speed in a densely populated area on streets designed for two-lane traffic, and disregarding stop signs) ; but here again the allegations of proximate cause are deficient, the plaintiffs alleging that the police car collided with *873 the curb “due to the high rate of speed they [the police officers] were required to maintain in the performance of their lawful duty.” [Emphasis added.] The amended complaint does not allege any facts to show the distance between the pursuing police car and the pursued defendant. Nor does the amended complaint allege any facts in the nature of a sudden, close or violent maneuver by the defendant that affected the operation of the police car. There are no allegations of facts showing either a collision between the pursuing and the pursued, or any acts on the part of the pursued which proximately caused the wrecking of. the police car.
In contending that their amended complaint stated a cause of action, the plaintiffs rely primarily upon the allegation therein that the police officers were forced or required, in the performance of their lawful duties, to drive at a high rate of speed in pursuing the defendant, and as a result the police car crashed into the curb. That the police officers were “forced” or “required” to drive at such a high rate of speed is not only a conclusion of law unsupported by a statement of ultimate facts, but it is also an erroneous conclusion of law.[1] They not only did not have a duty to so drive the police car, but in doing so they violated the traffic laws of the State.[2] The amended complaint affirmatively shows on its face that the sole, proximate cause of the injury to the police officer and the damage to the city’s property was the negligence of the police officers.[3] Hence my conclusion *874 ,that the amended complaint failed to state a cause of action. Leynes v. Tampa Foundry & Machine Co., 1908, 56 Fla. 488, 47, So. 918; Faulk v. Parrish, Fla.1952, 58 So.2d 523. The amended complaint does not meet the test for establishing the relationship between the defendant’s negligence and the plaintiffs’ injuries, as set forth in Pope v. Pinkerton-Hays Lumber Co., Fla.App. 1960, 120 So.2d 227, cert. den. in Pinkerton-Hays Lumber Company v. Pope, Fla.1961, 127 So.2d 441.
I concede that the Brechtel decision, relied upon by the majority, affirmed a judgment for a police officer on facts quite similar to the facts in the case at bar. I note however, that the Louisiana court there dealt primarily with the questions of intervening, efficient cause and foreseeability thereof; no authority was cited on the finding of proximate cause (speeding by the defendant) . My analysis of the remaining authorities relied upon by the majority discloses that each is distinguishable from the case at bar. In the Goddard case, the pursuing officer attempted to pass the pursued when the latter, without warning or signal, turned into the path of the officer’s car, causing the collision. In the Martin case, the driver of the pursued car attempted to make a left turn, skidded down the street, and then collided with the policeman’s car. In the McKay case, the pursuing police officer lost control of the police car as a result of the pursued defendant’s sudden and un-signalled left turn from the right-hand lane. It is therefore apparent that in each of the foregoing cases the negligence of the fleeing motorist was the proximate cause of the police officer’s injuries. • The Hammon case was not an action between the pursuing officer and the pursued motorist, but involved the pursuing officer and a third party with whom the officer collided at an intersection.
There are numerous decisions which have imposed liability upon the operators of police vehicles as a result of their negligence in pursuing fleeing motorists. See Annotation, 83 A.L.R.2d 383. There are decisions imposing liability on the governmental unit or its officers for injuries inflicted by a vehicle being pursued by a police car where the police car was involved only to the extent that it was being driven in pursuit of the fleeing vehicle. See Annotation, 83 A.L.R. 2d 452. The case of Town of Mount Dora v. Bryant, Fla.App.1961, 128 So.2d 4, was in the latter category. However, this Court’s decision there resulted only in reversal of a summary judgment for the plaintiff, and the question of proximate cause was not before the court.
I find no principle of law which could sustain the plaintiffs’ amended complaint. The judgment should he affirmed.

. The violation of the traffic laws is a misdemeanor, and the police officers had the authority and duty to arrest the defendant. Such authority included the lawful power to use such force as they then had reasonable cause to believe and did believe was necessary to make the arrest. The use of any greater force was beyond the scope of their authority, unauthorized and without justification. The measure of necessary force is generally considered to be that which an ordinary, prudent and intelligent person with the knowledge of and in the situation of the arresting officer would have deemed necessary under the circumstances. Dixon et al. v. State, 1931, 101 Fla. 840, 132 So. 684; Hutchinson v. Lott, Fla.App.1959, 110 So.2d 442.

. The police car in the present case, being used in an attempt to apprehend the defendant traffic law violator, was an “authorized emergency vehicle” within the definition of that term in § 317.01(1), Florida Statutes, F.S.A. While the statutes of Florida exempt such vehicles from certain traffic laws, the operation of the police car here was not exempt from the requirements of § 317.21 or § 317.22. The former section provides that any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving. The latter section provides.that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. It is noted that § 317.901, Florida Statutes, F.S.A., became effective July 1, 1961, after the accident here occurred, and said section is-therefore not applicable. Under § 317.-04(4), the traffic laws of Florida are applicable to drivers of all vehicles owned by any city or other governmental agency, subject to such specific exceptions as are set forth in those laws with reference to authorized emergency vehicles'. There is no such specific exception in § 317.21 or § 317.22. The revision of the above traffic laws by Chapter 63-175 will take effect January 1, 1964.

.The Supreme Court of Florida has sustained complaints and affirmed judgments against municipalities in cases involving the negligent operation of fire and police vehicles by employees performing their official duties, on the basis that state law forbids the operation of motor vehicles upon the public highways in a reckless manner or at a greater rate of speed than is reasonable and proper, having due regard to the traffic and use of the highway, so as to endanger the property or life or limb of any person. Maxwell v. City of Miami, 1924, 87 Fla. 107, 100 So. 147, 33 A.L.R. 682; Kaufman v. City of Tallahassee, 1922, 84 Fla. 634, 94 So. 697, 30 A.L.R. 471; City of Tallahassee v. Kaufman, 1924, 87 Fla. 119, 100 So. 150; City of West Palm Beach v. Grimmett, 1931, 102 Fla. 680, 136 So. 320, 137 So. 885; City of Miami v. McCorkle, 1940, 145 Fla. 109, 199 So. 575. The Supreme Court has further stated that: “Reckless driving of fire trucks on the streets of a city is manifestly not es *874 sential to efficiency in fire fighting, and .such conduct needlessly and unreasonably and consequently unlawfully impairs the private rights of those who are lawfully upon the streets with their property. Spch conduct renders the streets unsafe, and, when permitted by the city, liability of the city may arise therefrom if persons and property lawfully on the street are injured in consequence thereof.” Maxwell v. City of Miami, supra.