292 So.2d 71 (1974)
John S. OJA, Appellant,
v.
STATE of Florida, Appellee.
No. 73-645.
District Court of Appeal of Florida, Second District.
March 27, 1974.
*72 James A. Gardner, Public Defender, and Samuel J. Swisher, Asst. Public Defender, Sarasota, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Baya Harrison III, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellant seeks review of his judgment and sentence based upon a jury verdict of guilty of uttering a forged check in violation of F.S., § 831.02 F.S.A.
The only question presented by this appeal is whether the trial court erred in admitting over objection a Regiscope photograph into evidence.
This question appears to be one of first impression in the appellate courts of Florida, although courts in several other jurisdictions have treated the admissibility of Regiscope photographs. In such cases, it has been held that the same rules governing the admissibility of ordinary photographs should be applied to photographs taken by a Regiscope camera; State v. Tatum, 1961, 58 Wash.2d 73, 360 P.2d 754; Sisk v. State, 1963, 232 Md. 155, 192 A.2d 108; Sisk v. State, 1964, 236 Md. 589, 204 A.2d 684. See Barker v. People, 1965, 158 Colo. 381, 407 P.2d 34.
In Furr v. State, Fla.App.2d 1970, 229 So.2d 269, this court stated:
"The prime condition as to the admissibility of a photograph is that it be identified by a witness as a portrayal of certain facts relevant to the issue, and verified by such witness on personal knowledge as a correct representation of these facts."
Photographs may be relevant to the issues either independently or as corroborative of other evidence, and may be used to establish identity. Young v. State, Fla. 1970, 234 So.2d 341; Henninger v. State, Fla. 1971, 251 So.2d 862; State v. Wright, Fla. 1972, 265 So.2d 361; Bauldree v. State, Fla. 1973, 284 So.2d 196. See also Talley v. State, 1948, 160 Fla. 593, 36 So.2d 201; Cf. Dyken v. State, Fla. 1956, 89 So.2d 866.
In the case sub judice, Mrs. Christianson, an employee at Pantry Pride, testified that on January 23, 1973, between 6:30 and 7:00 p.m. she accepted a check payable to John Oja on the account of Spartan Paving Company. She said that she gave the person an identification card to fill out, put the check into a machine which stamped a number on it, then placed the check and the card underneath the camera and "took a picture of the card, the check and him," by pulling a lever down on a little machine. The number, stamped on the original check given to her by the man identifying himself as John Oja, appears in the picture. She identified the original check as the one she had cashed because it has her stamp and her initials on the back, and the identification card because it has her initials on the bottom. She stated that the picture accurately represents the original check and identification card, but she was unable to swear, independent of the check and the picture, that it was an accurate representation of the person standing in front of her at the time she took his picture.
However, before the picture had been admitted into evidence, the owner of Spartan Paving Company, Joel Faulk, testified that John Oja was a former employee of *73 Spartan Paving and left his employment on January 23, 1973, without giving notice. He identified the check as being a company check, and denied making any of the entries on the check which was signed "Joe Fauk." Mr. Faulk made an in-court identification of John Oja, and positively identified the person in the picture as Oja, stating that the picture represents the way John Oja looked in January.
The testimony of these two witnesses was sufficient to authenticate the photograph; City of Miami v. McCorkle, 1941, 145 Fla. 109, 199 So. 575; State v. Tatum, supra. In view of their testimony it was not necessary to call "experts" or persons responsible for installation and maintenance of the camera; Mikus v. United States, 2d Cir.1970, 433 F.2d 719. The Regiscope photograph was properly admitted into evidence as being relevant to the issue of establishing the identity of the person uttering the forged check.
The judgment appealed is, therefore,
Affirmed.
McNULTY and GRIMES, JJ., concur.